IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | Case No. 2:23CR-071(1) |
| **RAYMOND A. SMALL** | : | **CHIEF JUDGE MARBLEY** |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant Small is scheduled for sentencing on February 1, 2024. For the reasons that follow, the United States requests that a sentence of imprisonment of 120 months (the bottom of the sentencing guideline range) be imposed, which is both reasonable and appropriate, as well as legally supported by the circumstances of this case.

As contemplated by the United States (and as contemplated by the plea agreement), with his conviction for possession of a machine gun (Count 1) and for being a previously convicted felon in possession of a firearm (Count 5), Small would have an initial offense level of 22 based upon his prior controlled substance conviction and the regulated status of the machine gun. With a four-level enhancement for the number of firearms seized (eight) as well as possession of these firearms in connection with another felony offense (+4 levels for his distribution of narcotics at the same time as some of the firearm offenses) this results in an offense level of 30. There is also a pending defense objection regarding an additional specific offense characteristic that will be addressed below. After a three-level reduction for acceptance of responsibility, the guidelines contemplated by the plea agreement would result in a final offense level of twenty seven. The Probation Officer found Small to be a criminal history category V which would

1

result in a sentencing range of 120-150 months. There are also two pending objections that could impact the ultimate criminal history category.

Counsel for Small has objected the imposition of an additional three level enhancement for one of the weapons having an obliterated serial number (PSR ¶ 36). While the Probation Officer's determination in this regard was legally correct, the undersigned did not contemplate Small receiving this enhancement in the plea agreement and would join in this objection. Small has also objected to receiving one criminal history point for a 2017 Tampering with Evidence conviction (PSR ¶ 51). As this conviction was a third degree felony, it was properly counted by the Probation Officer. While Small argues the conviction has similar characteristics to the misdemeanor offense of contempt of court, this argument is not persuasive and the objection should be denied.

Further, Small has argued that he should not have received "status points" for committing the instant offenses while under a previous criminal justice sentence. Even giving Small the benefit of the new November 1, 2023, U.S.S.G. Amendment does not help his cause as Small still has more than six criminal history points (in Small's case – he has nine). While counsel for Small believes the cutoff at six points is essentially arbitrary, Small's criminal history easily exceeds the clear language of U.S.S.G. § 4A1.1(e) which imposes one point for being under a criminal justice sentence (for Small this was his 2020 Possession of Drugs and Weapon under Disability conviction term of Probation - PSR ¶ 52) and an additional point for defendants with more than six overall criminal history points (calculated before the enhancement). This objection should also be denied.

While the federal Sentencing Guidelines are no longer mandatory, <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Guidelines should still be "the starting point and initial benchmark" in determining a sentence. <u>United States v. Bolds</u>, 511 F.3d 568, 579 (6th Cir. 2007) (quoting <u>Gall v. United States</u>, 552 U.S. 38, 49 (2007)). Ultimately, a sentence must be reasonable. <u>United States v. Jackson</u>, 408 F.3d 301, 304 (6th Cir. 2005) (citing <u>Booker</u>, 543 U.S. at 260). Specifically, the length of a sentence "must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary to comply with the purposes of §3553(a)." <u>United States v. Vowell</u>, 516 F.3d 503, 512 (6th Cir. 2008)(internal quotations omitted). The factors listed in 18 U.S.C. §3553(a) include, but are not limited to:

(1) the nature and circumstances of the offense and the history and characteristics of defendant;
(2) the need for the sentence imposed--
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In the instant case, the undersigned believes the nature and circumstances of the offense and the history and characteristics of the defendant are the prevailing and most important §3553(a) factors relevant to the sentencing of defendant Small.

As outlined without objection in the Presentence Investigation Report (PSR ¶¶ 15-25) and the Statement of Facts (Plea Agmt., Attachment A), Small was involved in numerous illegal firearms and narcotics transactions with an undercover ATF Special Agent. Further compounding his own involvement, Small regularly recruited others to participate and he was

3

directly responsible for the involvement of his co-defendants Thomas and Lamison who had been unknown to ATF before appearing for these sales.  The undocumented sale of any firearms, let alone a machine gun and seven other guns, is quite serious.  This is further aggravated by the mixture of trafficking in firearms at the same times as selling narcotics which is a proven danger to the community and is certainly well known by this Court.

It is clear that Small had difficulties during his childhood with an absentee Father (who had addiction and incarceration issues) in addition to the later death of both parents from drug overdoses.  In addition, Small's own ongoing substance abuse (alcohol and marijuana) contributed to an early termination of his NFL dream and likely fueled his own involvement with the criminal justice system.  Committing the instant offenses while serving an ongoing term of court ordered Probation for prior drug and weapon offenses suggests Small has failed to take advantage of prior days of reckoning within the Court system.

Consistent with all of these facts and in consideration of the applicable 18 U.S.C. §3553(a) factors, the United States recommends a sentence of imprisonment of 120 months which is at the bottom of the applicable guidelines range.  The above described circumstances suggest a sentence of this length is warranted under the sentencing guidelines.  This sentence would also be reasonable under the rationale of Booker, 543 U.S. 220 (2005); United States v. Henry, 545 F.3d 367, 385 (6th Cir. 2008) ("A sentence within the applicable Guidelines range is accorded a presumption of reasonableness in this circuit.") (citation omitted).

**Conclusion**

Based upon the foregoing, the United States submits that the defendant's offense level and criminal history categories should be a final offense level of 27, criminal history category V, with a sentencing range of 120-150 months. Considering the sentencing factors set out in 18 U.S.C. §3553(a), including the need to provide just punishment for the offense, afford adequate deterrence to criminal conduct, and promote respect for the law, the United States requests that defendant Raymond Small be sentenced to a term of imprisonment of 120 months.

    Respectfully submitted,

    KENNETH L. PARKER
    United States Attorney

    <u>s/Kevin W. Kelley</u>
    KEVIN W. KELLEY (0042406)
    S. COURTER SHIMEALL (0090514)
    Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Government Sentencing Memorandum was served this 27th day of December 2023, via the Court's electronic filing system (ECF) on counsel for defendant, Soumyajit Dutta.

s/Kevin W. Kelley<br>
KEVIN W. KELLEY<br>
Assistant U.S. Attorney

6