## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

UNITED STATES OF AMERICA      :

v.                     :      **Case No: 2:23-cr-0071**

RAYMOND SMALL          :      **JUDGE MARBLEY**

## RESPONSE OF THE UNITED STATES TO
## DEFENDANT'S MOTION TO TRANSFER

Defendant Raymond Small has filed a pro se motion seeking this Court's assistance in addressing his efforts to seek a transfer to a lower security "Custody Classification" within the Bureau of Prisons.   Specifically, Small suggests that the BOP is improperly considering him to be a criminal history category of V at the time of his original sentencing which correspondingly results in his placement at a medium security facility.   Small suggests that since this Court sentenced him as if his criminal history category was IV, that his criminal history points and category are being improperly calculated by the BOP.   Normally, the undersigned defers resolution of all BOP classification decisions to the BOP itself.   However, a brief summary of the background of this case may assist the Court in responding to Small's request.

At the time of his sentencing in 2023, the Probation Officer determined that Small had a final offense level of 27, criminal history category V (sentencing range of 120-150 months).   The criminal history category determination was based upon Small having ten criminal history points. This Court specifically did not grant counsel for Small's objection to this calculation of the category, finding that the Probation Officer properly calculated the criminal history points.   (Sent. Tr.@ 11)   Small's claim to the contrary rests on this Court's gentle suggestion to defense counsel

to pursue an overrepresentation argument regarding the criminal history category.   (Sent Tr. @ 10-12)   The subsequent decision to grant this request had the "practical effect" of treating Small as if he had a criminal history category IV (and a corresponding sentencing range of 100-125 months) without actually changing or eliminating any criminal history points.   Small was then sentenced to a below guidelines term of imprisonment of 84 months.

It is the understanding of the undersigned that the Probation Officer (Emily Mueller) subsequently directly communicated these facts to the BOP case management section in response to Small's administrative challenges and it likely influenced their decision to not grant Small's request.   Under all of the above circumstances, the government submits that there is no dispute requiring resolution by this Court and that the record clearly establishes that defendant Small is not entitled to any formal relief.

Respectfully submitted,

DOMINICK S. GERACE, II
United States Attorney

s/Kevin W. Kelley
KEVIN W. KELLEY (004 2406)
S. COURTER SHIMEALL (009 0514)
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Response was provided to

via U.S. Mail to defendant Raymond Small 52869-510, FCI Beckley, P.O. Box 1280, Beaver, WV

25813 on this 26th day of November, 2025.


s/Kevin W. Kelley
KEVIN W. KELLEY
Assistant U.S. Attorney